# Exhibit A

Case 1:17-cv-01155-TWP-MPB   29D03-1703-PL-002724   Filed 04/11/17   Page 2 of 26 PageID #: 3

Filed: 3/20/2017 4:38:56 PM
Tammy Baitz
Clerk
Hamilton County, Indiana

Hamilton Superior Court 3

STATE OF INDIANA       )IN THE HAMILTON SUPERIOR/CIRCUIT COURT
                            )SS:
COUNTY OF HAMILTON     )       CAUSE NO.

Marcus Haddix,                           )

            Plaintiff,                )

      vs.                              )

AMBU a/k/a King Systems Corporation and   )
AMBU AS.,                            )

            Defendants.             )

## COMPLAINT AND DEMAND FOR JURY TRIAL

As and for his complaint against the Defendants AMBU a/k/a King Systems Corporation and AMBU AS (collectively, "AMBU") Plaintiff Marcus Haddix ("Mr. Haddix") through counsel, states as follows:

1.     Marcus Haddix has at all relevant times, been an individual residing in Indianapolis, Indiana.

2.     At all relevant times AMBU has been doing business as a multinational corporation headquartered in Denmark, with operations in Indiana including Noblesville, Indiana.

3.     AMBU's product line includes various medical devices, including those related to anesthesia, emergency care, and patient monitoring and diagnostics.

4.     In approximately April 2015, Mr. Haddix began employment at AMBU in the maintenance department.

5.     In the maintenance department as a maintenance technician, performing maintenance functions on various equipment at 15011 Herriman Blvd., Noblesville, Indiana 46060. His rate of pay was established at $24.50/hour.

6.     At the time of his application for employment with AMBU, and prior to beginning his employment with AMBU, Mr. Haddix advised AMBU that working overtime would not be unacceptable, so long as not mandatory. At the time, Mr. Haddix was suffering from neck and back problems, but also frequent migraines resulting from a 1994 car wreck.

7. Neither the job application nor the job description that was presented to Mr. Haddix or utilized by AMBU at all relevant times indicated that working mandatory overtime was an essential function of the job of maintenance technician at AMBU.

8. At all relevant times AMBU used a signup sheet by which maintenance personnel desiring to work overtime could volunteer for it. Mr. Haddix expressed an understanding of AMBU's voluntary overtime participation program and voluntarily participated in overtime through much of the summer of 2015.

9. In October 2015, Mr. Haddix's migraine symptoms flared up, although at all relevant times he could perform the essential functions of the maintenance technician role in terms of repairing equipment and the like, as he possessed the necessary skills, aptitude and enthusiasm for that job.

10. Mr. Haddix's migraines presented him with a serious mental and/or physical impairment that intermittently impacted him in various ways.

11. Mr. Haddix's physician provided AMBU with a statement indicating that to alleviate debilitating effects of migraines Mr. Haddix's work hours should be limited to insofar as feasible to 8 hours a day and 40 hours a week.

12. Accordingly, in conformity with his physician's recommendation, Mr. Haddix requested reasonable accommodation from AMBU from his physical and/or mental impairment of migraines, which limited one or more of his major life activities.

13. AMBU regarded Mr. Haddix as disabled and unable to perform the essential functions of his job, declaring that his impairment of migraines could not be considered a disability under the American with Disabilities Act because it did not substantially limit his ability to work. AMBU denied outright any request by Mr. Haddix for accommodation.

14. In the process of denying the requested accommodation outright, AMBU's HR business partner Stacy Ruminer added working unlimited mandatory overtime as an essential function of Mr. Haddix's essential job functions, although, subsequently AMBU provided Mr. Haddix a job description that nowhere stated working mandatory overtime was part of the essential job functions; moreover, due to so-called mandatory overtime being a pretext, returned Mr. Haddix to service thereafter.

15. AMBU's rationale that Mr. Haddix had to declare himself substantially limited in his ability to work to fit within the ADA's protections, was likewise disingenuous and a pretext for denying Mr. Haddix reasonable accommodation requested and/or to discriminate against Mr. Haddix due to AMBU regarding Mr. Haddix as disabled.

16. AMBU unlawfully declared Mr. Haddix was not able to avail himself of ADA coverage and was not covered by the ADA due to AMBU's assertion that he was not covered by

the ADA unless he was unable to work.  AMBU regarded Mr. Haddix as disabled due to its declaration that his migraine impairment precluded him from performing mandatory overtime, when mandatory overtime was not an essential function of his maintenance technician position. To demonstrate the claim that Mr. Haddix was ineligible for ADA coverage due to its flawed analysis on who is qualified to invoke ADA protections, AMBU, through Ms. Ruminer, stated Cthat the company was willing to provide leave under the Family and Medical Leave Act fo Mr. Haddix's migraine syndrome impairment.

17.   AMBU's advisement that AMBU could accommodate Mr. Haddix's migraine syndrome impairment via the FMLA demonstrated the pretextual assertion by: (a) AMBU insisting that an essential function of Mr. Haddix's maintenance technician job was that he be required to work mandatory overtime, and (b) AMBU stating it was able to fulfill Mr. Haddix's reasonable accommodation request, albeit via FMLA.

18.   Between October 2015 and March 2016, AMBU employed Mr. Haddix as a maintenance technician without his performing mandatory overtime at all, thereby demonstrating the ability to reasonably accommodate Mr. Haddix, as requested.  The March 2016 overtime signup sheet shows all slots were filled by co-workers of Mr. Haddix with no difficulty whatsoever.

19.   During the same 120 day period between October 2015 and March 2016, AMBU periodically utilized outside contractors for maintenance technician work in a way that was financially advantageous to AMBU compared to what AMBU would have been required to pay Mr. Haddix if he was working at an overtime rate.

20.   Rather than engage in an interactive process following Mr. Haddix's request for reasonable accommodation, AMBU made various unfounded defamatory accusations against Mr. Haddix to his personal physician Dr. Vickery.

21.   AMBU, through its authorized agents, charged that Mr. Haddix was moonlighting simultaneously with his request for reasonable accommodations in the form of not having to work mandatory overtime at AMBU.

22.   AMBU, via Ms. Ruminer, falsely accused Mr. Haddix of operating a business and performing a variety of automotive repair and upgrade services for that business while not on the clock at AMBU.  These allegations and statements of facts were false, malicious and defamatory in these implications on the part of AMBU, and were made either knowing they were false or for recklessness disregard for their truthfulness, and reflect an intent to discredit Mr. Haddix in the eyes of his own physician.

23.   On November 13, 2015, AMBU's Vice President of Human Resources Claussen, repeated AMBU's false allegations of Ruminer, restating the false and defamatory allegations against Mr. Haddix made by Ruminer to Haddix and Vice President and the Company's CEO.

24.     Mr. Haddix advised Vice President of Human Resources that he was not operating any business and had not operated the business Ruminer and Claussen accused him of operating at any time while he was working for AMBU, the business having been a casualty of the recession.

25.     Instead of engaging in any ADA interactive process or providing Mr. Haddix reasonable accommodation, HR VP Claussen  retaliated against Mr. Haddix for his requested accommodation and/or discriminated against him, due to Claussen's perception of Haddix of having disability, summarily removing him from the building and taking his employee badge, thereby discharging him from employment Claussen also threatened Mr. Haddix by falsely claiming Haddix was engaged in extortion against AMBU, again reflecting Claussen's and AMBU's intention to discriminate against Mr. Haddix due to his disability, by retaliating against him in threatening to prosecute Mr. Haddix for a crime for requesting reasonable accommodation under the ADA.

26.     In the process of threatening Mr. Haddix, HR VP Claussen asserted she was an attorney, even though she is not listed in the State of Indiana's Roster of Attorneys whatsoever. The CEO in attendance at the November 2015 meeting, stated the company was relying on HR VP Claussen as legal counsel as a lawyer; at the time, Ms. Claussen was not permitted to assert she was counsel for the corporation under the Indiana Code of Professional Responsibility.

27.     In March 2016, a co-worker advised Mr. Haddix that he was being brought in to spy on Mr. Haddix by AMBU.

28.     On March 1, 2016 HR VP Claussen reiterated the company's assertion of its ability to disregard the ADA's interactive process, as well as Mr. Haddix's request for reasonable accommodation under the ADA.

29.     In March 2016, AMBU asserted that it would not engage in any interactive process, would not provide any accommodation, and would discriminate against Mr. Haddix due to his migraine syndrome impairment, and/or it regarded Mr. Haddix as having a disability.

30.     Mr. Haddix filed his Amended Charge of Discrimination in Charge 470-2016-0030 against AMBU due to AMBU's discriminatory and/or harassing conduct, refusal to engage in the ADA interactive process, failure to provide him a reasonable accommodation and due to various forms of retaliation.

31.     Immediately thereafter, AMBU advised Mr. Haddix that the reasonable accommodation that had been successfully utilized by parties for approximately 140 days—not mandating Mr. Haddix perform overtime—was being unilaterally discontinued, on the pretextual basis that working overtime was a mandatory essential function of Mr. Haddix's job classification even though the job description contemporaneously provided had no such

4

requirement listed therein; AMBU's own conduct, belied the pretextual assertion that mandatory overtime was an essential function of the job for Mr. Haddix's classification.

32.     On March 15, 2016, Mr. Haddix, through counsel reasserted his rights under the ADA, and objected to AMBU's unlawful discrimination and retaliation against Mr. Haddix under the ADA by way of an email to counsel for AMBU.

33.     Shortly thereafter, on or about March 23, 2016, AMBU unlawfully discriminated and/or retaliated against Mr. Haddix and/or refused to provide him the requested reasonable accommodation and/or refused to engage in the ADA's interactive process, by placing Mr. Haddix on an indefinite suspension, on the pretextual basis that there was some sort of paperwork irregularity. On Monday March 28, 2016, in response to a request for discrimination and retaliation against Mr. Haddix to cease and desist, and for objecting to AMBU's continuous violation of the ADA, counsel for AMBU stated that AMBU did not want Mr. Haddix off the job.

34.     On April 21, 2016, due to AMBU's non-communication with Mr. Haddix for approximately one month as to why AMBU was maintaining Mr. Haddix in a limbo status in light of AMBU not scheduling Mr. Haddix for any work at all since being indefinitely suspended, and no specific rational for his suspension having been provided.

35.     The following day on April 22, 2016, AMBU delivered to Mr. Haddix a notice of termination, which included for the first time a variety of pretextual rationales for the termination of employment.

## Count One Unlawful Discrimination And/or Retaliation Against Mr. Haddix

36.     Mr. Haddix incorporates by reference the allegations set forth above in complaint paragraphs 1-35 as if fully set forth here.

37.     AMBU's conduct constitutes unlawful discrimination against Mr. Haddix due to a disability, and/or unlawful discrimination against Mr. Haddix due to AMBU as to having a disability and/or unlawful discrimination against Mr. Haddix because of Mr. Haddix of having a record of having an impairment/(disability), and/or unlawful retaliation against Mr. Haddix due to his opposition to unlawful conduct of AMBU under the ADA, and/or unlawful refusal to engage in the interactive process by AMBU under the ADA.

38.     AMBU's unlawful conduct has caused Mr. Haddix loss and damages, in the nature of lost wages, lost benefits, lost prospective opportunities, and compensatory damages in the nature of emotional distress, along with attorney's fees and expenses for him to vindicate his rights against AMBU.

WHEREFORE, Mr. Haddix demands judgement against AMBU for all legal and equitable relief, attorney's fees and costs to which he may be entitled to under the ADA as against AMBU.

### Count Two Defamation

39.     Mr. Haddix incorporates by reference the allegations set forth above in complaint paragraphs 1-35 as if fully set forth here.

40.     AMBU and/or Claussen and/or Ms. Ruminer engaged in defamation of Mr. Haddix.

41.     AMBU is vicariously liable for any defamation by either or both Ruminer and/or Claussen, including but not limited to pursuant to *respondeat superior*. the defamation has caused damage and loss to Mr. Haddx in the nature of emotional distress and constitutes defamation per se inasmuch as the defamatory statements were accusing Mr. Haddix of criminal activity.

WHEREFORE, Mr. Haddix demands judgment against AMBU, Ruminer and/or Claussen, jointly and/or severally, in an amount to be determined by a jury at trial by a jury.

Respectfully submitted,


ROBERT W. YORK & ASSOCIATES



James D. Masur II, #19681-49
Attorneys for, Marcus Haddix

ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
(317) 842-8000

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury of all issues so triable in the above-captioned cause.

Respectfully submitted,

ROBERT W. YORK & ASSOCIATES

James D. Masur II, 19681-49#
Attorneys for, Mr. Haddix

ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
(317) 842-8000

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was mailed United States Postal Service postage prepaid and via electronic mail on this 20th day of March, 2017, upon the following persons:

Brian R. Garrison
Faegre Baker Daniels LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204-1750
Brian.garrison@faegreBD.com

James D. Masur II

| | |
|---|---|
| STATE OF INDIANA | )IN THE HAMILTON SUPERIOR/CIRCUIT COURT |
| | )SS: |
| COUNTY OF HAMILTON | )CAUSE NO. |

Marcus Haddix,                                     )
                                                   )
               Plaintiff,                          )
                                                   )
      vs.                                          )
                                                   )
AMBU a/k/a King Systems Corporation and            )
AMBU AS.,                                           )
                                                   )
               Defendants.                         )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:**   Initiating x_   Responding__   Intervening

1.  The undersigned attorney and all attorneys listed on this form now appear in this case for the following party members(s):  Marcus Haddix,

2.  Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | | | |
|---|---|---|---|
| **Name:** | James D. Masur II | **Attorney No.** | **19681-49** |
| | Robert W. York & Associates | | |
| **Address:** | 7212 N. Shadeland Avenue | **Phone:** | **317-842-8000** |
| | Suite 150 | **Fax No.:** | **317-577-7321** |
| | Indianapolis, Indiana 46250 | | |

3.  There are other party members: Yes___ No___ (If yes, list on continuation page)

4.  *If first initiating party filing this case*, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3):__PL

5.  I will accept service by FAX at the above noted number: Yes_X_ No

6.  This case involves support issues: Yes___ No

7.  There are related cases: Yes__ No

8.  This form has been served on all other parties. _____ Yes_X_ No _____

9.  Additional information required by local rule:

James D. Masur II
Attorney-at-Law

Case 1:17-cv-01155-TWP-MPB   Document 1-1   Filed 04/11/17   Page 11 of 26 PageID #: 14

29D03-1703-PL-002724
Hamilton Superior Court 3

Filed: 3/20/2017 4:38:56 PM
Tammy Baitz
Clerk
Hamilton County, Indiana

| STATE OF INDIANA | )IN THE HAMILTON SUPERIOR/CIRCUIT COURT |
| | )SS: |
| COUNTY OF HAMILTON | )    CAUSE NO. |

Marcus Haddix,                                    )
                                                  )
            Plaintiff,                            )
                                                  )
    vs.                                           )
                                                  )
AMBU a/k/a King Systems Corporation and           )
AMBU AS.,                                          )
                                                  )
            Defendants.                            )

## SUMMONS

TO :    King Systems, Corp.
        CT Corporation System
        150 West Market Street, Suite 800
        Indianapolis, IN  46204

You are hereby notified that you have been sued by the persons named as Plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the Verified Complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the Verified Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the arising from the same transaction or occurrence, you must assert it in your written answer.

Dated  3/21/2017

                                        Clerk,  Hamilton County, Indiana

Attorneys for Plaintiff:

James D. Masur II, #19681-49
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, Indiana 46250
Tel: (317) 842-8000
Fax: (317) 577-7321
Email: jdmasur@york-law.com

Pursuant to Trial Rule 86 (G), service of the Summons and Complaint will be made by Plaintiff's attorney.

STATE OF INDIANA        )IN THE HAMILTON SUPERIOR/CIRCUIT COURT
                             )SS:
COUNTY OF HAMILTON     )CAUSE NO.  29D03-1703-PL-002724

Marcus Haddix,              )
                                 )
          Plaintiff,        )
                                 )
     vs.                      )
                                 )
AMBU a/k/a King Systems Corporation and  )
AMBU AS.,                )
                                 )
         Defendants.     )

## **AFFIDAVIT OF SERVICE ON AMBU A/S A/K/A KING SYSTEMS, CORP.**

Comes now, James D. Masur II, attorney for Plaintiff, and pursuant to Trial Rule 86

(G)(2)(a), states to the Court that on March 21, 2017, via the United States Postal Service, he

mailed by Certified Mail, Return Receipt Requested, all fees prepaid, with the tracking number

of 9314769904300032211907, a true and complete file-stamped copy of the Complaint filed in

this cause and the Summons issued by the Clerk to:

        AMBU A/S
        a/k/a King Systems, Corp.
        15011 Herriman Blvd.
        Noblesville, IN  46060

        WHEREFORE, James D. Masur II hereby submits the foregoing Affidavit of Service

upon AMBU A/S a/k/a King Systems, Corp. with respect to the service of the Summons and

Complaint via Certified Mail Return Receipt Requested.

        I affirm, under the penalties for perjury, that the above representations are true.

16-044

Respectfully submitted,

ROBERT W. YORK & ASSOCIATES
Attorneys for Plaintiff, Marcus Haddix

James D. Masur II, #19681-49
Attorneys for, Marcus Haddix
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
(317) 842-8000

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via electronic mail on this 21st day of March, 2017, upon the following persons:

Brian R. Garrison
Faegre Baker Daniels LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204-1750
Brian.garrison@faegreBD.com

James D. Masur II

16-044                                    2

Filed: 3/28/2017 1:40:29 PM
Tammy Baitz
Clerk
Hamilton County, Indiana

| | |
|---|---|
| STATE OF INDIANA | )IN THE HAMILTON SUPERIOR/CIRCUIT COURT |
| | )SS: |
| COUNTY OF HAMILTON | )CAUSE NO. 29D03-1703-PL-002724 |

Marcus Haddix,                                          )
                                                       )
                    Plaintiff,                         )
                                                       )
            vs.                                         )
                                                       )
AMBU a/k/a King Systems Corporation and                )
AMBU AS.,                                               )
                                                       )
                    Defendants.                        )

## RETURN OF SERVICE ON AMBU A/S A/K/A KING SYSTEMS, CORP.

TO:   Tammy Baitz
      Clerk Hamilton Circuit and Superior Courts
      Government & Judicial Center
      1 Hamilton County Square
      Room 106
      Noblesville, IN 46060

James D. Masur II, attorney for Plaintiff, pursuant to Trial Rule 86 (G)(2)(d)(i), states to the Court that on March 23, 2017, his office received via Waltz Certified Mail website, an email confirmation that service was made on the mailing of the Complaint and Summons to AMBU A/S a/k/a King Systems, Corp. under tracking number 9314769904300032211907, a true and complete copy of the email with details is attached. Further, on March 24, 2017, the attached Waltz Certified mail return receipt green card was delivered to his office showing that the Summons and Complaint were signed for.

I affirm, under the penalties for perjury, that the above representations are true.

Respectfully submitted,

ROBERT W. YORK & ASSOCIATES
Attorneys for Plaintiff, Marcus Haddix

*/s/ James D. Masur II*
James D. Masur II, #19681-49
Attorneys for, Marcus Haddix
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
(317) 842-8000

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via electronic mail on this 28th day of March, 2017, upon the following persons:

Brian R. Garrison
Faegre Baker Daniels LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204-1750
Brian.garrison@faegreBD.com

*/s/ James D. Masur II*
James D. Masur II

2

**Heather Feeney**

| | |
|---|---|
| **From:** | cpsupport@walzgroup.com |
| **Sent:** | Thursday, March 23, 2017 4:01 PM |
| **To:** | Heather Feeney |
| **Subject:** | Your Certified Mail was Delivered |

Dear Heather,

Our records show that your Certified Mail was delivered today.  Please log-in to your CertifiedPro.net account to retrieve your delivery scan information.

REFERENCE NUMBER          ARTICLE NUMBER

Haddix              9314769904300032211907

For information on your other Certified Mail pieces, please click on www.certifiedpro.net and log in to your CertifiedPro.net account.

THIS IS AN AUTOMATED ACKNOWLEDGEMENT FROM THE WALZ CERTIFIEDPRO.NET SYSTEM. PLEASE DO NOT REPLY TO THIS E-MAIL.
The material above and/or attached is provided for general informational purposes only and does not constitute legal advice. The content is intended to be current and useful, but Walz makes no representations or warranties, express or implied, that it will continue to be current or applicable. We recommend that you consult with counsel to provide you assurances of compliance. The information contained in this email, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you.

1

## Transaction Details

**Recipient:**
AMBU A/S
a/k/a King Systems, Corp.
15011 Herriman Blvd.
Noblesville, IN 46060

**Sender:**
Heather Feeney
Robert York & Associates PC
7212 North Shadeland Avenue
Suite 150
Indianapolis, IN 46250

**Certified Mail Article Number:**   9314769904300032211907
**Return Receipt Article Number:**

**Service Options:**   Return Receipt
**Mail Service:**   Certified
**Reference #:**   Haddix
**Postage:**   $0.46
**Fees:**   $6.10
**Status:**   Delivered

**Transaction created by:**   heatheratyork
**User ID:** 8158
**Firm Mailing Book ID:** None
**Batch ID:**

## Transaction History

| Event Description | Event Date | Details |
|---|---|---|
| USPS® Certified Mail | 03-20-2017 04:12 PM | [USPS] - PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM at TEMECULA,CA |
| USPS® Certified Mail | 03-21-2017 10:53 AM | [USPS] - PICKED UP at INDIANAPOLIS,IN |
| USPS® Certified Mail | 03-21-2017 10:04 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at INDIANAPOLIS,IN |
| USPS® Certified Mail | 03-21-2017 10:17 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at INDIANAPOLIS,IN |
| USPS® Certified Mail | 03-22-2017 08:17 AM | [USPS] - PROCESSED THROUGH USPS FACILITY at INDIANAPOLIS,IN |
| USPS® Certified Mail | 03-22-2017 10:38 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at INDIANAPOLIS,IN |
| USPS® Certified Mail | 03-23-2017 01:05 PM | [USPS] - CERTIFIED MAIL DELIVERED LEFT WITH INDIVIDUAL at NOBLESVILLE,IN |

2. Article Number

9314 7699 0430 0032 2119 07

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)      B. Date of Delivery

C. Signature

X ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type  **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

1. Article Addressed to:

AMBU A/S
a/k/a King Systems, Corp.
15011 Herriman Blvd.
Noblesville, IN 46060

Reference Information

Jdm

Haddix

PS Form 3811, January 2005        Domestic Return Receipt

29D03-1703-PL-002724

Hamilton Superior Court 3

Filed: 3/20/2017 4:38:56 PM
Tammy Baitz
Clerk
Hamilton County, Indiana

| | |
|---|---|
| STATE OF INDIANA | )IN THE HAMILTON SUPERIOR/CIRCUIT COURT |
| | )SS: |
| COUNTY OF HAMILTON | )        CAUSE NO. |

| | |
|---|---|
| Marcus Haddix, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| AMBU a/k/a King Systems Corporation and | ) |
| AMBU AS., | ) |
| | ) |
| Defendants. | ) |

**SUMMONS**

TO :     AMBU A/S
        a/k/a King Systems, Corp.
        15011 Herriman Blvd.
        Noblesville, IN  46060

You are hereby notified that you have been sued by the persons named as Plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the Verified Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the Verified Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the  arising from the same transaction or occurrence, you must assert it in your written answer.

Dated ___3/21/2017_____        _~Tammy Baitz~_____
                                        Clerk,  Hamilton County, Indiana

Attorneys for Plaintiff:

James D. Masur II, #19681-49
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, Indiana 46250
Tel: (317) 842-8000
Fax: (317) 577-7321
Email: jdmasur@york-law.com

Pursuant to Trial Rule 86 (G), service of the Summons and Complaint will be made by Plaintiff's attorney.

STATE OF INDIANA       )IN THE HAMILTON SUPERIOR/CIRCUIT COURT
                              )SS:
COUNTY OF HAMILTON    )CAUSE NO.  29D03-1703-PL-002724

Marcus Haddix,                  )
                                )
          Plaintiff,         )
                                )
    vs.                        )
                                )
AMBU a/k/a King Systems Corporation and    )
AMBU AS.,                  )
                                )
         Defendants.       )

## AFFIDAVIT OF SERVICE ON KING SYSTEMS, CORP. VIA CT CORPORATION SYSTEM

      Comes now, James D. Masur II, attorney for Plaintiff, and pursuant to Trial Rule 86

(G)(2)(a), states to the Court that on March 21, 2017, via the United States Postal Service, he

mailed by Certified Mail, Return Receipt Requested, all fees prepaid, with the tracking number

of 93147699043000322212300, a true and complete file-stamped copy of the Complaint filed in

this cause and the Summons issued by the Clerk to:

      King Systems, Corp.
      CT Corporation System
      150 West Market Street, Suite 800
      Indianapolis, IN  46204

      WHEREFORE, James D. Masur II hereby submits the foregoing Affidavit of Service

upon King Systems, Corp. via CT Corporation System with respect to the service of the

Summons and Complaint via Certified Mail Return Receipt Requested.

      I affirm, under the penalties for perjury, that the above representations are true.

16-044

Respectfully submitted,

ROBERT W. YORK & ASSOCIATES
Attorneys for Plaintiff, Marcus Haddix

James D. Masur II, #19681-49
Attorneys for, Marcus Haddix
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
(317) 842-8000

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via electronic mail on this 21st day of March, 2017, upon the following persons:

Brian R. Garrison
Faegre Baker Daniels LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204-1750
Brian.garrison@faegreBD.com

James D. Masur II

16-044                                2

Filed: 3/28/2017 1:40:29 PM
Tammy Baitz
Clerk
Hamilton County, Indiana

| | |
|---|---|
| STATE OF INDIANA | )IN THE HAMILTON SUPERIOR/CIRCUIT COURT |
| | )SS: |
| COUNTY OF HAMILTON | )CAUSE NO.  29D03-1703-PL-002724 |

| | |
|---|---|
| Marcus Haddix, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| AMBU a/k/a King Systems Corporation and | ) |
| AMBU AS., | ) |
| | ) |
| Defendants. | ) |

## RETURN OF SERVICE ON KING SYSTEMS, CORP.

TO:    Tammy Baitz
       Clerk Hamilton Circuit and Superior Courts
       Government & Judicial Center
       1 Hamilton County Square
       Room 106
       Noblesville, IN 46060

James D. Masur II, attorney for Plaintiff, pursuant to Trial Rule 86 (G)(2)(d)(i), states to the Court that on March 22, 2017, his office received via Waltz Certified Mail website, an email confirmation that service was made on the mailing of the Complaint and Summons to King Systems, Corp. under tracking number 9314769904300032212300, a true and complete copy of the email with details is attached.  Further, on March 24, 2017, the attached Waltz Certified mail return receipt green card was delivered to his office showing that the Summons and Complaint were signed for.

I affirm, under the penalties for perjury, that the above representations are true.

Respectfully submitted,

ROBERT W. YORK & ASSOCIATES
Attorneys for Plaintiff, Marcus Haddix

/s/ James D. Masur II
James D. Masur II, #19681-49
Attorneys for, Marcus Haddix
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
(317) 842-8000

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via electronic mail on this 28th day of March, 2017, upon the following persons:

Brian R. Garrison
Faegre Baker Daniels LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204-1750
Brian.garrison@faegreBD.com

/s/ James D. Masur II
James D. Masur II

**Heather Feeney**

| | |
|---|---|
| **From:** | cpsupport@walzgroup.com |
| **Sent:** | Wednesday, March 22, 2017 2:01 PM |
| **To:** | Heather Feeney |
| **Subject:** | Your Certified Mail was Delivered |

**oCaseID:**          10000953

Dear Heather,

Our records show that your Certified Mail was delivered today.  Please log-in to your CertifiedPro.net account to retrieve your delivery scan information.

REFERENCE NUMBER          ARTICLE NUMBER

Haddix          9314769904300032212300

For information on your other Certified Mail pieces, please click on www.certifiedpro.net and log in to your CertifiedPro.net account.

THIS IS AN AUTOMATED ACKNOWLEDGEMENT FROM THE WALZ CERTIFIEDPRO.NET SYSTEM. PLEASE DO NOT REPLY TO THIS E-MAIL.

The material above and/or attached is provided for general informational purposes only and does not constitute legal advice. The content is intended to be current and useful, but Walz makes no representations or warranties, express or implied, that it will continue to be current or applicable. We recommend that you consult with counsel to provide you assurances of compliance. The information contained in this email, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you.

## Transaction Details

**Recipient:**
King Systems, Copr.
CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

**Transaction created by:** heatheratyork
**User ID:** 8158
**Firm Mailing Book ID:** None
**Batch ID:**

**Tracking #:** 93147699043000322 12300
**Service Options:** Return Receipt
**Mail Service:** Certified
**Reference #:** Haddix
**Postage:** $0.46
**Fees:** $6.10
**Status:** Delivered

---

## Transaction History

| Event Description | Event Date | Details |
|---|---|---|
| USPS® Download | 03-20-2017 06:12 PM | [USPS] - PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM at TEMECULA,CA |
| USPS® Download | 03-21-2017 10:53 AM | [USPS] - PICKED UP at INDIANAPOLIS,IN |
| USPS® Download | 03-22-2017 02:09 AM | [USPS] - PROCESSED THROUGH USPS FACILITY at INDIANAPOLIS,IN |
| USPS® Download | 03-22-2017 03:32 AM | [USPS] - PROCESSED THROUGH USPS FACILITY at INDIANAPOLIS,IN |
| USPS® Download | 03-22-2017 06:19 AM | [USPS] - ARRIVAL AT UNIT at INDIANAPOLIS,IN |
| USPS® Download | 03-22-2017 08:26 AM | [USPS] - SORTING/PROCESSING COMPLETE at INDIANAPOLIS,IN |
| USPS® Download | 03-22-2017 08:36 AM | [USPS] - OUT FOR DELIVERY at INDIANAPOLIS,IN |
| USPS® Download | 03-22-2017 09:03 AM | [USPS] - ARRIVAL AT UNIT at INDIANAPOLIS,IN |
| USPS® Download | 03-22-2017 10:20 AM | [USPS] - DELIVERED at INDIANAPOLIS,IN |

2. Article Number

9314 7699 0430 0032 2123 00

3. Service Type   **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

1. Article Addressed to:

King Systems, Copr.
CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery   3·22·17

C. Signature
X _____   ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

Reference Information

JDM
HADD·X

PS Form 3811, January 2005        Domestic Return Receipt